# UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN XAVIER NEALS
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

August 27, 2026

**LETTER OPINION**

Re: *DeAngelis v. Hees*
Civil Action No. 24-5687 (JXN)(JSA)

Dear Parties:

Before the Court is Plaintiff Paula DeAngelis' ("Plaintiff") motion for leave to file a Second Amended Complaint. (ECF No. 73.) The SRS and Avis Defendants[1] opposed. (ECF Nos. 76, 77.) For the reasons set forth below, the motion (ECF No. 73) is **ADMINISTRATIVELY TERMINATED** pending supplemental briefing on whether the Second Amended Complaint is futile for lack of subject matter jurisdiction.

## I. BACKGROUND

In this shareholder derivative lawsuit, Plaintiff challenges how SRS became Avis' largest shareholder. (*See generally* Am. Compl., ECF No. 18.) Plaintiff sued SRS, Avis, Avis' six-member Board of Directors[2] ("Board"), Avis' President and CEO,[3] and Avis's Executive Vice President.[4]

The Amended Complaint has five causes of action: insider trading under *Brophy v. City Services Co.*, 70 A.2d 5 (Del. Ch. 1949) ("Count I"); breach of fiduciary duty ("Count II"); violations of § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a)(l) ("Count III"); unjust enrichment ("Count IV"); and declaratory judgment ("Count V"). (*See* Am. Compl.) The Court dismissed the Amended Complaint without prejudice for failure to plead demand futility under Federal Rule of Civil Procedure[5] 23.1. (*See* Op., ECF No. 71.)

---

[1] The "SRS Defendants" are: SRS, Jagdeep Pahwa ("Pahwa"), and Karthik Sarma ("Sarma"). The "Avis Defendants" are: Bernardo Hees ("Hees"), Anu Hariharan ("Hariharan"), Lynn Krominga ("Krominga"), Glenn Lurie ("Lurie"), Joseph A. Ferraro ("Ferraro"), Izilda P. Martins ("Martins"), and Nominal Defendant Avis Budget Group, Inc. ("Avis"). "Defendants" collectively refer to the Avis Defendants and SRS Defendants.

[2] Four Directors, Hees, Krominga, Lurie, and Hariharan ("Outside Directors"), have no affiliation with SRS. (*Id.* ¶¶ 12, 14-16.) The other two Directors are SRS President Pawla and SRS CEO Sarma ("SRS Directors"). (*Id.* ¶¶ 13, 17.)

[3] Ferraro. (*Id.* ¶ 18.)

[4] Martins. (*Id.* ¶ 19.) "Individual Defendants" collectively refer to Pahwa, Sarma, Hees, Hariharan, Krominga, Lurie, Ferraro, and Martins.

[5] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Thereafter, Plaintiff moved for leave to file a Second Amended Complaint. (*See* Mot. to Amend, ECF No. 71.) The SRS and Avis Defendants opposed. (*See* SRS Opp'n, ECF No. 76; Avis Opp'n, ECF No. 77.) The Second Amended Complaint omits Count III. (*See* Second Am. Compl. ("SAC"), ECF No. 73-4.)

## II. LEGAL STANDARD

Rule 15(a) requires the Court to "freely give leave when justice so requires." A district court "may deny leave to amend a complaint where it is apparent from the record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

"Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "In assessing futility, the Court applies the Rule 12(b)(6) standard—accepting all well-pleaded allegations as true and viewing them in the light most favorable to the movant." *Garrett v. Subaru of Am., Inc.*, 822 F. Supp. 3d 474, 479 (D.N.J. 2026). An amendment that leaves the Court without subject matter jurisdiction is futile. *See Roberts v. Mayor & Burgesses of London*, 70 F. App'x 615, 619 (3d Cir. 2003) ("[W]here the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence dismissal without leave to amend is proper.").

Granting or denying leave to amend is committed to the Court's discretion. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

Because federal courts "are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court has jurisdiction over the Amended Complaint because Count III arises under federal law, 28 U.S.C. § 1331; and the Court may exercise supplemental jurisdiction over the remaining counts, 28 U.S.C. § 1367.

But the Second Amended Complaint omits Count III. (*See* SAC.) So, Plaintiff argues a different basis for jurisdiction, that the Court may hear the Second Amended Complaint under 28 U.S.C. § 1332(a) because she "is a citizen of Canada and defendants are all citizens of the United States for diversity purposes." (SAC ¶ 5.)

Among other things, § 1332(a) allows the Court to hear cases "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . (2) citizens of a State and citizens or subjects of a foreign state" or "(3) citizens of different States and in which citizens or subjects of

a foreign state are additional parties." 28 U.S.C. §§ 1332(a)(2)–(3). Both sections require "complete diversity." Complete diversity means no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

In the context of § 1332(a)(2), complete diversity allows foreign citizens to appear on only one side of the dispute. Cases where "aliens are on both sides of the dispute[] do not fall under the court's (a)(2) diversity jurisdiction." *Dirauf v. Berger*, 506 F. Supp. 3d 254, 264 (D.N.J. 2020), *aff'd,* 57 F.4th 101 (3d Cir. 2022). By contrast, § 1332(a)(3) allows courts to hear cases where (i) American citizen parties appear on both sides of the dispute; (ii) the American citizen parties are completely diverse; and (iii) foreign citizens parties appear on either or both sides of the dispute.

The rules for citizenship are "well established." *Zambelli Fireworks*, 592 F.3d at 419. A person is a citizen of the state where they are domiciled. *Id.* A corporation is a citizen "both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* And "the citizenship of an LLC is determined by the citizenship of its members." *Id.* at 420. Moreover, jurisdiction "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted). A party's "bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties." *Id.*

Plaintiff fails to "affirmatively and distinctly" allege the citizenship of each party. *Id.* At most, Plaintiff states she is a Canadian and all Defendants are American. (SAC ¶ 5.) But without "distinctly" identifying the citizenship of *each* Defendant, the Court cannot conclude the parties are diverse. *Id.* For instance, because SRS is an LLC, if one member of SRS is also Canadian, the Court cannot exercise diversity jurisdiction under § 1332(a)(2). *Dirauf*, 506 F. Supp. 3d at 264. The Court cannot assume all members of SRS are American. *Raab*, 180 F. App'x at 320.

Moreover, although Plaintiff names Avis as a nominal defendant, this is not determinative whether the Court should treat Avis as such for the purpose of diversity jurisdiction. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Instead, the Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (citation omitted). "Whether the necessary collision of interest exists . . . . must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute." *Id.* at 69–70 (internal citations and quotation marks omitted).

"The 'general rule' is that the corporation in a derivative suit should be aligned as a plaintiff because the action is brought for the benefit of the corporation and any judgment favorable to the plaintiff shareholder will inure to the benefit of the corporation." *Ono v. Itoyama*, 884 F. Supp. 892, 900 (D.N.J. 1995), *aff'd sub nom. Keiko Ono v. Itoyama*, 79 F.3d 1138 (3d Cir. 1996). But "the final alignment of the parties should reflect the actual antagonisms between the plaintiffs, the corporation, and the directors." *Id.* (quoting *Liddy v. Urbanek*, 707 F.2d 1222, 1224 (11th Cir. 1983)). "Absent collusion, where management refuses to initiate a suit on behalf of the corporation, the requisite antagonism exists." *Id.* Thus, where a plaintiff "complies with the demand requirement found in Rule 23.1, the question of alignment should be resolved in favor of treating the corporation as a defendant." *Id.* (citation omitted).

Here, because Plaintiff did not comply with Rule 23.1's demand requirement, "the requisite antagonism" does not exist between Plaintiff and Avis. *Id.* Accordingly, it appears the Court should adhere to the "general rule" and treat Avis as a *plaintiff*, rather than a *defendant*. *Id.* Thus, the question is whether Plaintiff *and Avis* are completely diverse from the remaining Defendants. Because Plaintiff has not adequately alleged the citizenship of any party, however, the Court cannot determine whether the parties are completely diverse.

Because the Court must always assure itself that it has subject matter jurisdiction, *Arbaugh*, 546 U.S. at 514, and because a jurisdiction-less amendment is futile, *see Roberts*, 70 F. App'x at 619, the Court finds it most judicially efficient for the parties to brief whether the Second Amended Complaint is futile for lack of subject matter jurisdiction.

Accordingly, to determine whether the Second Amended Complaint is futile for lack of subject matter jurisdiction, the parties shall engage in limited jurisdictional discovery to ascertain the citizenship of each Defendant.

## IV. CONCLUSION

Plaintiff's motion for leave to file a Second Amended Complaint is **ADMINISTRATIVELY TERMINATED**. The parties shall engage in thirty (30) days of jurisdictional discovery to ascertain the citizenship of each Defendant. Following the end of jurisdictional discovery, Defendants shall have fourteen (14) days to brief whether Second Amended Complaint is futile for lack of subject matter jurisdiction. Plaintiff shall have fourteen (14) days to reply. An appropriate Order accompanies this Letter Opinion.

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge